UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

WILLIE DOUGLAS JOHNSON,            )
                                   )
            Petitioner,            )
                                   )
v.                                 )        No.  3:15-cv-437-TAV-DCP
                                   )
RANDY LEE, *Warden*,               )
                                   )
            Respondent.            )

## MEMORANDUM OPINION

Presently before the Court is a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by Willie Douglas Johnson ("Petitioner") [Doc. 1], challenging his confinement on his 2008 Tennessee state-court convictions for attempted second-degree murder and unlawful possession of a firearm.  Respondent has filed an answer [Doc. 18] along with the state-court record [Doc. 19].  For the following reasons, Petitioner's § 2254 petition will be **DENIED**, and this action will be **DISMISSED WITH PREJUDICE**.

## I.      PROCEDURAL HISTORY

Petitioner was indicted by a grand jury in Knox County, Tennessee, and charged with attempted first-degree murder, two counts of especially aggravated robbery, and three counts of unlawful possession of a weapon [Doc. 19-1 pp. 7–9].  Following a trial, a jury returned a verdict finding petitioner guilty of attempt to commit second-degree murder on Count One, and guilty as to the remaining five counts [*Id.* pp. 41–42].  After merging the aggravated-assault convictions into the conviction of attempted second-degree murder and

merging the weapons convictions into a single conviction, the trial court imposed consecutive sentences of 25 years for attempted second-degree murder and six years for unlawful possession of a weapon [*Id*. pp. 49–50].

Petitioner appealed his conviction and sentence to the Tennessee Court of Criminal Appeals ("TCCA") raising two issues: (1) the trial court erred by ruling that the State would be permitted to impeach his testimony through the use of prior felony convictions; and (2) the trial court erred by enhancing his sentence [Doc. 19-7 p. 4]. The TCCA affirmed Petitioner's conviction and sentence, and Petitioner's application for permission to appeal was denied by the Tennessee Supreme Court. *State v. Johnson*, No. E2008-02057-CCA-R3-CD, 2009 WL 2226171 (Tenn. Crim. App. July 27, 2009), *perm. app. denied* (Tenn. Nov. 23, 2009).

Petitioner timely filed a petition for post-conviction relief in the Knox County Criminal Court raising the following claims: (1) trial counsel was ineffective in failing to argue that the probative value of Petitioner's prior conviction for aggravated assault was outweighed by unfair prejudice; (2) trial counsel was ineffective in failing to make an offer of proof to be included in the record for purposes of establishing prejudice when Petitioner elected not to testify due to the trial court's ruling on impeachment evidence; and (3) trial counsel was ineffective in failing to call a defense witness [Doc. 19-12 pp. 38–40]. Following an evidentiary hearing, the post-conviction court denied relief [Doc. 19-12 pp. 61–63].

Petitioner appealed the denial of his post-conviction petition raising two issues: (1) ineffective assistance of counsel based on counsel's failure to successfully exclude his prior convictions for aggravated assault and possession of cocaine as impeachment evidence; and (2) counsel rendered ineffective assistance by failing to make an offer of proof of his testimony at trial to ensure adequate appellate review [Doc. 19-15]. The TCCA affirmed the judgment of the post-conviction court and Petitioner's application for permission to appeal was denied by the Tennessee Supreme Court. *Johnson v. State*, No. E2013–02826–CCA–R3–PC, 2014 WL 4922639 (Tenn. Crim. App. Sept. 30, 2014), *perm. app. denied* (Tenn. Dec. 17, 2014).

## II. FACTUAL BACKGROUND

This case arises from the December 19, 2006, shooting of Kenneth L. King. King's testimony aptly was summarized in the TCCA's decision on direct review as follows:

> At approximately 10:15 p.m., the victim returned to his residence with his girlfriend, and as he exited his vehicle, the defendant approached him with a gun drawn. The victim elaborated, "By the time I got out of my car and turned around, [the defendant] was up on me with a pistol in my stomach, walked up on me and was like, 'Empty your pockets, mother f* * * * *.' "According to the victim, he dropped approximately $140 to the ground, and when the defendant bent over to retrieve the money, he pushed the defendant and ran away. At that point, the defendant fired four shots at the victim, and one shot struck the victim in the lower back. The victim stated that when he looked back, he saw the defendant drive away in a blue or black Buick LeSabre.
>
> The victim testified that he had known the defendant since "growing up." He recalled that just before the shooting, he received a telephone call from Katoia Banks, whom he had dated for two to three months earlier in the year, but he did not answer the call. He stated that Ms. Banks had also briefly dated the defendant. Immediately after the shooting, the victim returned Ms. Banks's call and told her that the defendant had shot him. He recalled that

his girlfriend took the telephone from him and began arguing with Ms. Banks.

The victim was transported to the hospital by ambulance and remained hospitalized for three days following the shooting. He testified that doctors elected to leave the bullet rather than remove it, and he stated that he continued to experience "problems" with his back.

Knoxville Police Department Detective A.J. Loefller interviewed the victim at the hospital. The victim identified the defendant as the perpetrator from a photographic lineup.

*Johnson*, 2009 WL 2226171, at *1.

The TCCA opinion also summarizes the testimony of Katoia Banks and Knoxville Police Department Officer Ray Offenbacher, who responded to the shooting. *Id*. at *1–2. Based upon the testimony and evidence, the jury convicted Defendant of attempted second-degree murder and two counts of aggravated assault and, following a second, bifurcated proceeding, the jury also convicted Defendant of three counts of unlawful possession of a weapon. *Id*. at *2.

The opinion of the TCCA affirming the denial of post-conviction relief summarizes the testimony of Petitioner and of Petitioner's trial counsel at the post-conviction evidentiary hearing. *Johnson*, 2014 WL 4922639, at *2–4. Following the hearing, the post-conviction court issued a written order denying relief. *Id*. at *4.

To the extent the facts and evidence from Petitioner's trial and post-conviction relief hearing are relevant to the claims raised by Petitioner in his § 2254 petition, they will be addressed in more detail below in the analysis of those specific claims.

## III.    STANDARD OF REVIEW

A state prisoner is entitled to relief on habeas corpus "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).  The Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996, which amended § 2254, sets forth "an independent, high standard to be met before a federal court may issue a writ of habeas corpus to set aside state-court rulings." *Uttecht v. Brown*, 551 U.S. 1, 10 (2007).  Under this standard, when a state court adjudicates a claim on the merits, habeas relief is available only if the adjudication of that claim "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

A state-court decision is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law, or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts.  *Williams v. Taylor*, 529 U.S. 362, 413 (2000).  A state court's ruling is an "unreasonable application of" clearly established federal law if the state court identifies the correct governing legal principle from Supreme Court precedent but unreasonably applies it to the facts of the particular state prisoner's case.  *Id*. at 407. The habeas court is to determine only whether the state court's decision is objectively reasonable, not whether, in the habeas court's view, it is incorrect or wrong.  *Id*. at 411.

Under AEDPA, a habeas petitioner must "'show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" *Woods v. Donald*, 135 S. Ct. 1372, 1376 (2015) (quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011)). This standard is "difficult to meet," "highly deferential," and "demands that state-court decisions be given the benefit of the doubt." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (quoting *Harrington*, 562 U.S. at 102; *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002)).

## IV.    ANALYSIS

Petitioner asserts five grounds for relief, each claiming that he was denied his Sixth Amendment right to the effective assistance of counsel. Specifically, he alleges that his counsel was ineffective by: (1) failing to argue that his prior convictions should not be admitted for impeachment purposes because their prejudicial effect outweighed their probative value; (2) failing to make an offer of proof of Petitioner's testimony for appellate review; (3) failing to request a jury instruction on eyewitness identification; (4); failing to impeach the victim through the use of a toxicology report showing the presence of alcohol, cocaine, and cannabis at the time of the incident; and (5) failing to interview and investigate a possible exculpatory eyewitness [Doc. 1, at 16–18].

### A.    APPLICABLE LAW

The Sixth Amendment provides, in pertinent part, that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for

his defense." U.S. Const. amend. VI.  Under the Sixth Amendment, a defendant has a constitutional right not just to counsel, but to the "reasonably effective assistance" of counsel.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  Under the *Strickland* standard for proving ineffective assistance of counsel, a defendant must meet a two-pronged test: (1) that counsel's performance was deficient; and (2) that the deficient performance prejudiced the defense.  *Id*.

Under the first prong of the test, the appropriate measure of attorney performance is "reasonableness under prevailing professional norms."  *Strickland*, 466 U.S. at 688.  A defendant asserting a claim of ineffective assistance must "identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment."  *Id*. at 690.  The reasonableness of counsel's performance must be evaluated "from counsel's perspective at the time of the alleged error and in light of all the circumstances, and the standard of review is highly deferential."  *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986) (quoting *Strickland*, 466 U.S. at 689).

The second prong requires the petitioner to show that counsel's deficient performance prejudiced the defense.  Thus, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment."  *Strickland*, 466 U.S. at 691.  In order to prevail on a claim of prejudice, a petitioner must show "there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt."  *Id*. at 695.  While both prongs must be established to meet a petitioner's burden, if "it is easier to

dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed." *Id*. at 697.

## B.    INEFFECTIVE ASSISTANCE—PRIOR CONVICTIONS

Petitioner's first habeas claim is that he was denied his Sixth Amendment right to the effective assistance of trial counsel due to counsel's failure to argue that his prior convictions for aggravated assault and drug possession should not be admitted for impeachment purposes because their prejudicial effect outweighed their probative value [Doc. 1 p. 16]. He asserts that the threatened use of his prior convictions "prevented" him from testifying at trial [*Id*.]

Petitioner challenged the effectiveness of trial counsel on this ground in his state post-conviction petition, maintaining that had counsel properly framed the issue for the trial court, the trial court would have excluded the use of his convictions and he would have testified, or alternatively, he would have had the issue reviewed on the merits by the TCCA on direct appeal. *Johnson*, 2014 WL 4922639, *6.

### 1.    BACKGROUND

On direct appeal, Petitioner argued that the trial court erred by ruling that the State would be permitted to use his prior convictions of possession of cocaine and aggravated assault to impeach his testimony. *Johnson*, 2009 WL 2226171, at *2. The TCCA summarized the background relating to this claim, likewise relevant to Petitioner's habeas claim, as follows:

> the State filed pretrial notice that it would seek to impeach the defendant's testimony, should he choose to testify, with his prior convictions of two

counts of aggravated robbery, aggravated assault, Class D felony theft, and two counts of cocaine possession. The defendant filed a motion asking the trial court for a pretrial ruling on the admissibility of the convictions for impeachment. The trial court ruled that the State would be permitted to utilize the convictions of aggravated assault, felony theft, and cocaine possession but determined that the convictions of aggravated robbery were too similar to the current charges to allow their use. Based upon this ruling, the defendant chose not to testify.

*Id*. at *3.

The TCCA found that Petitioner had failed to show that the aggravated-assault conviction was too stale, that he had waived any claim that the probative value of the aggravated-assault conviction as impeachment evidence was outweighed by its unfair prejudicial effect by raising it for the first time on direct appeal, and that any error relating to the trial court's ruling on the admission of the prior drug convictions was harmless because Petitioner failed to make an offer of proof to permit the court to make a determination on prejudice. *Id*. at *4.

In state post-conviction proceedings, Petitioner alleged that his counsel was ineffective in failing to argue that the probative value of Petitioner's prior conviction for aggravated assault was outweighed by unfair prejudice. Petitioner and Petitioner's counsel testified at the post-conviction hearing. The TCCA summarized Petitioner's testimony relevant to this habeas claim as follows:

The Petitioner stated that he discussed with counsel whether he should testify at trial, and counsel told him that it would "be best for [him] not to testify" because the State would use his prior convictions to impeach him. He maintained that had counsel successfully excluded his prior convictions, he would have elected to testify at trial. Had he testified at trial, the Petitioner claimed he would have testified that he did not "know [the victim]

personally," and he had nothing to do with the shooting. He claimed that he had not seen the victim since 2000.

. . .

On cross-examination, the Petitioner . . . acknowledged that he had previously been convicted of two counts of aggravated robbery, one count of aggravated assault, one count of felony theft, and two counts of possession of cocaine. He recalled that counsel argued that these convictions should not be admissible to impeach him and that the trial court excluded the aggravated robbery convictions as "too prejudicial." He claimed that he was "forced" not to testify because at the time he did not know that the aggravated assault conviction might have been excluded because it was over 10 years old. He acknowledged that this was "not a sure thing." He agreed that someone with six prior felony convictions might not be found to be a credible witness by the jury.

*Johnson*, 2014 WL 4922639, at *2–3.

Petitioner's counsel testimony was summarized as follows:

Counsel extensively researched the admissibility of the Petitioner's prior convictions and prepared a motion in limine to exclude the prior convictions. She met with the State on multiple occasions and received a plea offer prior to trial, but the Petitioner told counsel that he "was not interested in accepting any type of plea." She advised the Petitioner that he was likely to receive a "substantial amount of time" if convicted based on his criminal history but recalled that the Petitioner was "adamant" that he would not accept any plea offer.

Counsel discussed with the Petitioner whether he should testify at trial and recalled that the Petitioner "never indicated to [her] that he had any intention of testifying." She explained that the Petitioner "never offered [her] any sort of indication of what his defense would be" and "never wavered in [the] fact that he did not intend to testify." She maintained that the Petitioner never told her that he had shingles and was at home in bed at the time of the shooting. She did not make an offer of proof of the Petitioner's testimony at trial because the Petitioner never gave any indication that he would have testified even if his prior convictions had been excluded. Counsel opined that the Petitioner would not have made a good witness, given his criminal history and the strength of the State's case. However, she insisted that she did not

tell him not to testify and stated that if he had wanted to testify, she would have worked to prepare him.

. . .

On cross-examination, counsel agreed that the Petitioner's prior convictions were "significant" in her assessment of whether she believed the Petitioner should testify but reiterated that the Petitioner never really considered testifying.

*Id.* at *3–4.

Following the evidentiary hearing, the post-conviction court rejected Petitioner's claim, finding that "Petitioner's argument 'is speculative' and fails to establish that but for any alleged errors by counsel, the result of the proceedings would have been different. In other words, notwithstanding any errors by counsel, the Petitioner failed to establish that he was prejudiced as a result." *Id.*

The TCCA, applying *Strickland*, agreed with the post-conviction court and concluded that "Petitioner has failed to establish any prejudice arising from counsel's alleged errors." *Id.* Respondent argues that the decision of the TCCA is entitled to deference under § 2254(d).

## 2. DISCUSSION

The task before the Court is to determine whether the state courts' application of *Strickland* to Petitioner's habeas claim is unreasonable. Review of a *Strickland* claim under § 2254(d)(1) is "doubly deferential." *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009). Further, "[w]hen § 2254(d) applies, the question is not whether counsel's actions were reasonable," but instead "whether there is any reasonable argument that counsel

satisfied *Strickland*'s deferential standard." *Harrington*, 562 U.S. at 105. Under this doubly deferential standard, Petitioner's first habeas claim fails.

Applying *Strickland*, the TCCA first determined that Petitioner had failed to show that, even if counsel had successfully excluded his prior convictions, Petitioner would have elected to testify. *Johnson*, 2014 WL 4922639, at *6. Moreover, the TCCA found that Petitioner had failed to establish that, had he elected to testify, there is a reasonable probability that the outcome of the proceedings would have been different. *Id.* In reaching that conclusion, the TCCA determined:

> The State's evidence against the Petitioner, albeit not overwhelming, was strong. Ms. Banks testified that the Petitioner told her that he was "going to get" the victim shortly before the Petitioner arrived at the victim's residence and shot him. The victim positively identified the Petitioner as the shooter and, according to counsel, never wavered in his identification of the Petitioner. At the post-conviction hearing, the Petitioner acknowledged that he had no witnesses to corroborate his alibi defense or any other evidence to dispute the testimony of the State's witnesses. Likewise, counsel testified that the Petitioner never indicated to her what defense he might present to dispute the State's evidence.

*Id.*

In light of the record, the TCCA, applying *Strickland*, concluded that Petitioner had failed to establish any prejudice arising from counsel's alleged errors. *Id.*

The state courts' application of *Strickland* to Petitioner's claim is unreasonable. As the TCCA pointed out, Petitioner has failed to show that the outcome of the trial would have been different but for counsel's performance. First, although Petitioner criticizes counsel for not "properly" arguing that the prior convictions should be excluded, the record shows that Petitioner's counsel did make a motion asking the trial court for a pretrial ruling

on the admissibility of Petitioner's convictions for impeachment. A lawyer's lack of success on an issue does not make her ineffective. *See, e.g., United States v. Mulero*, 2018 WL 3421861, * 6 (E.D. Tenn., July 13, 2018). Moreover, Petitioner and his counsel offered conflicting testimony about whether Petitioner had ever indicated his desire to testify even if the prior convictions would have been excluded, and the post-conviction court accredited counsel's testimony over that of the Petitioner. *Johnson*, 2014 WL 4922639, at *6. The TCCA refused to reweigh or reevaluate the testimony, and this Court declines to do so as well. Finally, in light of the strong evidence against Petitioner as outlined in the TCCA's decision, their determination that Petitioner had failed to show that the outcome of the proceeding would have been different even had he testified was unreasonable.

The Court is satisfied that, under the doubly deferential standard of *Strickland* and AEDPA, the decision of the TCCA rejecting Petitioner's ineffective-assistance-of-counsel claim on this ground was neither contrary to, nor an unreasonable application of, federal law as established in *Strickland*, nor was it based on an unreasonable determination of the facts in light of the evidence presented. Accordingly, Petitioner's first habeas claim will be **DENIED**.

## C. INEFFECTIVE ASSISTANCE—OFFER OF PROOF

Petitioner's second habeas claim is that he was denied his Sixth Amendment right to the effective assistance of trial counsel due to counsel's failure to make an offer of proof of Petitioner's testimony for appellate review [Doc. 1 pp. 16–17]. Petitioner claims that had he testified at trial, he would have testified that he did not "know [the victim]

personally," and that he had nothing to do with the shooting. *Johnson*, 2014 WL 4922639, at *2–3. Petitioner's counsel testified that she did not make an offer of proof of the Petitioner's testimony at trial because the Petitioner never gave any indication that he would have testified even if his prior convictions had been excluded. *Id*. at *3–4.

Petitioner challenged the effectiveness of trial counsel on this ground in his state post-conviction petition. Although the post-conviction court heard testimony on this issue, it failed to make specific findings regarding counsel's failure to make an offer of proof. In the order denying post-conviction relief, however, the court did note that it was accrediting counsel's testimony over that of the Petitioner and concluded that the Petitioner failed to establish deficient performance or prejudice. *Johnson*, 2014 WL 4922639, at *7.

Upon review of the record, the TCCA determined that it could not conclude that counsel's failure to make an offer of proof of the Petitioner's testimony constituted deficient performance. *Id*. Respondent argues that the decision of the TCCA is entitled to deference under § 2254(d).

## 1.    DISCUSSION

Again, the Court's task is to determine whether the state courts' application of *Strickland* to Petitioner's habeas claim is unreasonable. Under the doubly deferential § 2254(d) standard, Petitioner's second habeas claim also fails.

In analyzing this claim under Strickland, the TCCA first noted that there is no requirement under Tennessee law that the defendant make an offer of proof in order to preserve the issue for appellate review. *Id*. (citation omitted). Accordingly, the TCCA was

"hesitant to conclude that counsel's decision not to make an offer of proof of the Petitioner's testimony fell below 'an objective standard of reasonableness under prevailing professional norms.'" *Id*. at *8. The TCCA further noted that:

> at the post-conviction hearing, counsel repeatedly testified that the Petitioner never indicated to her that he intended to testify, regardless of the court's ruling on the admissibility of the prior convictions. She also testified that the Petitioner never provided her with any alibi defense or any other indication of what his defense might be if he testified. As such, she believed there was no reason to make an offer of proof of his testimony. Counsel's testimony was accredited by the post-conviction court and rebuts the Petitioner's testimony that he informed counsel that he wished to testify and would have told the jury his alibi defense. Tennessee courts have consistently held that "it is entirely reasonable for counsel's actions to be influenced by a defendant's own statements." *Nichols v. State*, 90 S.W.3d 576, 593 (Tenn. 2002) (citing *Strickland*, 466 U.S. at 691 (stating that reasonableness of counsel's actions "may be determined or substantially influenced by the defendant's own statements or actions")).

*Id*.

In light of counsel's testimony that Petitioner never indicated a desire to testify, and the determination of the post-conviction court crediting her testimony, the decision of the TCCA that counsel's performance was not deficient was not an unreasonable one. Therefore, under the doubly deferential standard of *Strickland* and AEDPA, the decision of the TCCA rejecting Petitioner's ineffective assistance of counsel claim on this ground was neither contrary to, nor an unreasonable application of, federal law as established in *Strickland*, nor was it based on an unreasonable determination of the facts in light of the evidence presented. Accordingly, Petitioner's second habeas claim will be **DENIED**.

## D.     REMAINING INEFFECTIVE ASSISTANCE CLAIMS

Petitioner has raised three additional claims of ineffective assistance based on trial counsel's failure to request a jury instruction on eyewitness identification, failure to impeach the victim through the use of a toxicology report, and failure to interview and investigate a possible exculpatory eyewitness [Doc. 1 pp. 16–18].  Although Petitioner raised each of these claims in his petition for post-conviction relief in state court, [Doc. 19–12 pp. 9, 40], he did not raise any of them in his brief to the TCCA from the denial of his post-conviction relief petition.  As a result, the TCCA did not address those issues on appeal.  *Johnson*, 2014 WL 4922639, at *4 n. 2.

If a federal habeas claim has not been presented to a state court for adjudication, then it is unexhausted and may not properly serve as the basis of a federal habeas petition.  *See Wainwright v. Sykes*, 433 U.S. 72, 87 (1977).  The exhaustion requirement "is satisfied when the highest court in the state in which the petitioner was convicted has been given a full and fair opportunity to rule on the petitioner's claims."  *Wilson v. Mitchell*, 498 F.3d 491, 498–99 (6th Cir. 2007) (quoting *Lott v. Coyle*, 261 F.3d 594, 608 (6th Cir. 2001)).  Under Tennessee Supreme Court Rule 39, a Tennessee prisoner exhausts a claim by raising it before the TCCA.  *See Adams v. Holland*, 330 F.3d 398, 402 (6th Cir. 2003).

Here, Petitioner failed to exhaust his remedies on his remaining three habeas claims by not presenting those claims to the TCCA on appeal from the denial of his post-conviction relief petition.  Because he did not raise them in his brief to the TCCA, that

court declined to review them, and Petitioner now is foreclosed from going back to state court to pursue them.

A petitioner who fails to raise a federal claim in the state courts and who is now barred by a state procedural rule from returning with that claim to those courts has committed a procedural default. *See Coleman v. Thompson*, 501 U.S. 722, 732 (1991). A procedural default forecloses federal habeas review unless the petitioner can show cause to excuse the failure to comply with the state procedural rule and actual prejudice resulting from the alleged constitutional violation. *Id*. at 750. When a § 2254 petitioner fails to raise a claim on appeal and thereby violates a state procedural rule, "that claim is subject to procedural default and will not be reviewed by federal courts unless the petitioner demonstrates cause and prejudice for the default." *West v. Carpenter*, 790 F.3d 693, 697 (6th Cir. 2015).

Because Petitioner failed to raise his three remaining grounds for relief on appeal to the TCCA, they have been procedurally defaulted. Moreover, Petitioner has asserted no cause for not raising those issues on post-conviction appeal, nor has he asserted prejudice arising from the procedural default of those claims. Petitioner merely alleges that his post-conviction counsel failed to raise the issues on post-conviction appeal. To the extent Petitioner's allegation can be read to assert attorney error as cause, any such error is insufficient to excuse Petitioner's default.

Ordinarily, "attorney error in state post-conviction proceedings 'cannot constitute cause to excuse [a] default in federal habeas'" because there is no constitutional right to an

attorney in those proceedings. *West*, 790 F.3d at 697 (quoting *Coleman*, 501 U.S. at 757).

However, in *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), the Supreme Court carved a narrow

exception to the *Coleman* rule, holding that:

> [w]here, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

132 S. Ct. at 1320; *see also Trevino v. Thaler*, 133 S. Ct. 1911 (2013) (extending *Martinez*

rule to states whose procedural requirements make it "virtually impossible" to present an

ineffective assistance claim on direct appeal even if there is no outright prohibition on

doing so).[1]

Importantly, however, a petitioner cannot use the ineffective assistance of counsel

at the post-conviction *appellate* stage to excuse a procedural default because it is not an

initial-review collateral proceeding. *Wallace v. Sexton*, 570 F. App'x 443, 453 (6th Cir.

2014). The *Martinez* court made explicit that the narrow exception it carved out "does not

extend to attorney errors in any proceeding beyond the first occasion the State allows a

prisoner to raise a claim of ineffective assistance at trial." *Martinez*, 132 S. Ct. at 1320.

Here, although Petitioner raised his remaining three ineffective assistance of trial

counsel claims to the post-conviction *trial* court, he did *not* properly raise those claims on

---

[1] Because Tennessee's procedural framework directs defendants to file ineffective-assistance claims in post-conviction proceedings rather than on direct appeal, the Sixth Circuit Court of Appeals has held that the *Martinez-Trevino* exception to *Coleman* applies in Tennessee cases. *Sutton v. Carpenter*, 745 F.3d 787, 795–96 (6th Cir. 2014).

*appeal* from the denial of his post-conviction petition, and the *Martinez* exception therefore does not apply to excuse Petitioner's default of those claims. *Wallace*, 570 F. App'x at 453. Accordingly, because Petitioner has shown neither cause nor prejudice excusing the default of his remaining claims, federal habeas review of those procedurally barred claims is foreclosed.

Finally, Petitioner cannot establish "actual innocence" as an exception to the procedural default rule. The Supreme Court has held that "in an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default." *Murray v. Carrier*, 477 U.S. 478, 496 (1986). However, "actual innocence" is an extremely narrow exception, and "claims of actual innocence are rarely successful." *Schlup v. Delo*, 513 U.S. 298, 321 (1995). This is not an extraordinary case.

Accordingly, because Petitioner failed to exhaust his remaining three habeas claims by fully and fairly presenting them to the state court, and he now is precluded from doing so, those claims have been procedurally defaulted. Moreover, since Petitioner has established neither cause nor prejudice to excuse his procedural default of those claims, nor has he established his actual innocence, Plaintiff's third, fourth and fifth habeas claims will be **DISMISSED**.

## V. CONCLUSION

For the reasons set forth herein, the Court finds that none of Petitioner's claims warrant the issuance of a writ of habeas corpus. Accordingly, Petitioner's § 2254 motion [Doc. 1] will be **DENIED** and this action will be **DISMISSED WITH PREJUDICE**.

## VI. CERTIFICATE OF APPEALABILITY

Finally, the Court must consider whether to issue a certificate of appealability (COA) should Petitioner file a notice of appeal. Under 28 U.S.C. § 2253(a) and (c)(1), a petitioner may appeal a final order in a § 2254 case only if he is issued a COA, and a COA will be issued only where the applicant has made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2).

Where claims have been dismissed on their merits, a petitioner must show reasonable jurists would find the assessment of the constitutional claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). A petitioner whose claims have been rejected on a procedural basis must demonstrate that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id*.; *see also Porterfield v. Bell*, 258 F.3d 484, 485–86 (6th Cir. 2001).

Here, the Court finds that Petitioner has failed to make a substantial showing of the denial of a constitutional right as to any of his claims. Specifically, jurists of reason would not debate the Court's finding that Petitioner's claims alleging violations of state law are not cognizable under § 2254. Nor has Petitioner shown that reasonable jurists would find the Court's assessment of Petitioner's remaining constitutional claims debatable or wrong.

Because Petitioner has failed to make a substantial showing of the denial of a constitutional right, a COA **SHALL NOT ISSUE**.

**AN APPROPRIATE ORDER WILL ENTER.**

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE